```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
                   COUNSEL/PARTIES OF RECORD

        JAN 3 0 2013

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL A. SKINNER,

        Petitioner,         3:13-cv-00019-RCJ-VPC

vs.

                               ORDER

GREG SMITH, et al.,

        Respondents.

The petitioner has presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis.* ECF. No. 1.

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The petition will be ordered filed and docketed, and served upon the respondents, but the respondents will not yet be required to respond to it.

As required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a preliminary review of the petition and attachments raises a question which the petitioner shall be allowed to address before this action proceeds further.

It appears from the documents submitted that this petition should be barred as untimely under 28 U.S.C. § 2244(d). That section states,

    (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant

to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For convictions that become final prior to the enactment of the 1996 amendment, a petitioner had until April 23, 1997 to file his federal habeas petition. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir.1997) (concluding that allowing AEDPA's limitations period to begin before the statute's enactment would have impermissible retroactive effect), *cert.* denied, --- U.S. ----, 118 S.Ct. 899 (1998), overruled in part on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998), *cert.* denied, --- U.S. ----, 119 S.Ct. 1377 (1999).

The one year period is tolled while a properly filed application for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A properly filed application is an "application submitted in compliance with the procedural laws of the state in which the application was filed." *Dictado v. Ducharme*, 189 F.3d 889, 892 (9th Cir. 1999). These procedural laws include those governing the time and place for filing. *Id.*, citing *Lovasz v. Vaughn*, 134 F.3d 146, 147 (3d Cir.

1998).

Here, petitioner indicates that he was convicted on June 4, 1997 and did not appeal that conviction. Thereafter, some five years later, he filed a state post-conviction petition, and the appeal of the denial of that petition was completed on November 5, 2003. He also indicates that none of the grounds in the instant petition have been presented to the Nevada Supreme Court for their review.[1]

Before dismissal on grounds raised *sua sponte* by this Court, petitioner shall be given an opportunity to show cause why this action should not be dismissed as untimely. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The Clerk shall **file and electronically serve** the petition upon respondents. In addition the Clerk shall return a copy of the habeas petition to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days to show cause why his petition should not be dismissed with prejudice under 28 U.S.C. § 2244(d). Respondents shall have fifteen (15) days to respond, if they desire.

Dated this 29th day of January, 2013.

UNITED STATES DISTRICT JUDGE

---

[1] The issue of exhaustion of the grounds for relief is a separate, also disqualifying matter, which need not be addressed at this time. *See* 28 U.S.C. § 2254(b)(1).

-3-