_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
             COUNSEL/PARTIES OF RECORD

JAN 3 0 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                          **DISTRICT OF NEVADA**

7

8  PAUL A. SKINNER,                    )

9                      Petitioner,     )    3:13-cv-00019-RCJ-VPC
                                       )
10 vs.                                 )
                                       )    ORDER
11 GREG SMITH, et al.,                 )
                                       )
12                                     )
                   Respondents.        )
13 _____/

14        The petitioner has presented the Court with a petition for writ of habeas corpus pursuant to 28

15 U.S.C. § 2254 and an application to proceed *in forma pauperis*. ECF. No. 1.

16        The petitioner's application to proceed *in forma pauperis,* including the financial certificate,

17 establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed

18 *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The

19 petition will be ordered filed and docketed, and served upon the respondents, but the respondents will

20 not yet be required to respond to it.

21        As required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District

22 Courts, a preliminary review of the petition and attachments raises a question which the petitioner shall

23 be allowed to address before this action proceeds further.

24        It appears from the documents submitted that this petition should be barred as untimely under

25 28 U.S.C. § 2244(d).  That section states,

26              (d)(1) A 1-year period of limitations shall apply to an
                application for a writ of habeas corpus by a person in custody pursuant

1  to the judgment of a State court.  The limitation period shall run from
   the latest of–
2
            (A) the date on which the judgment became final by the
3  conclusion of direct review or the expiration of the time for seeking
   such review;
4
            (B) the date on which the impediment to filing an
5  application created by State action in violation of the Constitution or
   laws of the United States is removed, if the applicant was prevented
6  from filing by such State action;
7            (C) the date on which the constitutional right asserted
   was initially recognized by the Supreme Court, if the right has been
8  newly recognized by the Supreme Court and made retroactively
   applicable to cases on collateral review; or
9
            (D) the date on which the factual predicate of the claim
10 or claims presented could have been discovered through the exercise of
   due diligence.
11
            (2) The time during which a properly filed application for State
12 post-conviction or other collateral review with respect to the pertinent
   judgment or claim is pending shall not be counted toward any period of
13 limitation under this subsection.

14 28 U.S.C. § 2244(d).

15      For convictions that become final prior to the enactment of the 1996 amendment, a petitioner had

16 until April 23, 1997 to file his federal habeas petition.  *See Calderon v. United States District Court*

17 *(Beeler)*, 128 F.3d 1283, 1287 (9th Cir.1997) (concluding that allowing AEDPA's limitations period to

18 begin before the statute's enactment would have impermissible retroactive effect), *cert.* denied, --- U.S.

19 ----, 118 S.Ct. 899 (1998), overruled in part on other grounds by *Calderon v. United States District*

20 *Court (Kelly)*, 163 F.3d 530 (9th Cir.1998), *cert.* denied, --- U.S. ----, 119 S.Ct. 1377 (1999).

21      The one year period is tolled while a properly filed application for post conviction or other

22 collateral relief is pending before a state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is

23 an "application submitted in compliance with the procedural laws of the state in which the application

24 was filed."  *Dictado v. Ducharme*, 189 F.3d 889, 892 (9th Cir. 1999).  These procedural laws include

25 those governing the time and place for filing.  *Id.*, citing *Lovasz v. Vaughn*, 134 F.3d 146, 147 (3d Cir.

26

                                          -2-

1 | 1998).

2 Here, petitioner indicates that he was convicted on June 4, 1997 and did not appeal that
3 conviction. Thereafter, some five years later, he filed a state post-conviction petition, and the appeal of
4 the denial of that petition was completed on November 5, 2003. He also indicates that none of the
5 grounds in the instant petition have been presented to the Nevada Supreme Court for their review.[1]

6 Before dismissal on grounds raised *sua sponte* by this Court, petitioner shall be given an
7 opportunity to show cause why this action should not be dismissed as untimely. *See Boyd v. Thompson*,
8 147 F.3d 1124, 1128 (9th Cir. 1998).

9 **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No.
10 1) is **GRANTED.** The Clerk shall **file and electronically serve** the petition upon respondents. In
11 addition the Clerk shall return a copy of the habeas petition to Petitioner.

12 **IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days to show cause why his
13 petition should not be dismissed with prejudice under 28 U.S.C. § 2244(d). Respondents shall have
14 fifteen (15) days to respond, if they desire.

15 Dated this 29th day of January, 2013.

UNITED STATES DISTRICT JUDGE

---

25 [1] The issue of exhaustion of the grounds for relief is a separate, also disqualifying matter, which
26 need not be addressed at this time. *See* 28 U.S.C. § 2254(b)(1).

-3-