**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PAUL A. SKINNER, | ) | |
| | ) | |
| Petitioner, | ) | 3:13-cv-00019-RCJ-VPC |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| GREG SMITH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

The petitioner has presented the Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. During its preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determined that the petition was likely untimely filed under 28 U.S.C. § 2244(d). Petitioner was given an opportunity to show cause why the petition should not be dismissed on that basis. ECF No. 3. Petitioner has now responded to that order. ECF No. 9.

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted on June 4, 1997, and no direct appeal was filed. Petition (ECF. No. 4), p. 1. The federal petition was not filed until January 10, 2013.

In his response to the order to show cause, petitioner offers no explanation to excuse the thirteen year delay in filing the petition. He does confirm that he did not file a direct appeal because it was not filed within thirty days of his sentencing.[1] He provides copies of various motions and petitions filed in the state courts including a motion for a new trial and two post-conviction petitions. The motions for a new trial was filed in February of 1998 and was dismissed by the court as untimely. *See* exhibits to response.[2] Thereafter, on March 13, 1998, petitioner filed a state post-conviction petition which was dismissed on procedural grounds in that it did not contain the necessary verification by the petitioner. *Id.* On May 29, 1998, another post-conviction petition was filed. Petitioner offers no additional information about the outcome of the May 1998 petition. Additionally, the petition indicates that

---

[1] In his response, petitioner also demands copies of his habeas petition and all of the trial exhibits, suggesting that failure to provide them will prevent their use against him. ECF. No. 9.

[2] The exhibits to the response include a copy of the May, 1998 petition and its exhibits. The exhibits to the May 1998 petition include: Ex. A, Motion for New Trial - Errors Committed at Trial (dated February __, 1998); Ex. B, Order dismissing Motion for New Trial as untimely (filed February 25, 1998); Ex. C, Nevada Revised Statutes section 15.010 Verifications of Pleadings and Post-Conviction Petition (dated March 13, 1998); Ex. D, Order dismissing the unverified March 13, 1998 petition (filed April 1, 1998).

another spot-conviction petition may have been filed in October of 2002. Petition, p. 1, item 4. That petition was apparently denied on appeal in November of 2003. *Id.* This information still leaves a nearly ten year gap between the time his state court proceedings were completed and the filing of this petition.

Based on the information provided and petitioner's lack of argument explaining the delay, the Court finds the petition to be untimely. It will be dismissed with prejudice.

Moreover, the court finds that no certificate of appealability is warranted given that petitioner has failed to make "a substantial showing of the denial of a constitutional right." *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001)*;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Neither has he demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).

**IT IS THEREFORE ORDERED** that the Petition (ECF No. 4) and this action are **DISMISSED WITH PREJUDICE** as untimely filed. No certificate of appealability shall issue.

The Clerk shall enter judgment accordingly.

Dated this 9th day of July, 2013.

_____
UNITED STATES CHIEF DISTRICT JUDGE